UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN SCHLABACH, | : | |
| *Petitioner,* | : | |
| v. | : | Civil No. 10-101-RET-CN |
| UNITED STATES, | : | |
| *Respondent.* | : | |

**UNITED STATES OF AMERICA'S**
**OPPOSITION TO PETITION TO QUASH, COUNTER-PETITION TO ENFORCE**
**SUMMONS, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

The United States of America, by and through its undersigned attorney, submits this opposition to John Schlabach's petition to quash an Internal Revenue Service summons and counter-petition to enforce the summons. The summons in question was issued by Revenue Agent Derik Hudson of the Internal Revenue Service to Chase Manhattan Bank to obtain Schlabach's bank records for the tax years 2002 and 2003 for an audit of Schlabach's personal income tax liabilities. Because the United States makes a *prima facie* case for enforcement of the summons, the Court should enforce the summons and deny Schlabach's petition to quash.

**I.     FACTS**

A.     *Introduction*

As stated in his petition, Schlabach is a party to a different summons suit (detailed below) in the United States District Court for the Eastern District of Washington. *See United States of America v. John J. Schlabach*, No. CV-08-095-FVS (E.D. Wash.). Schlabach's petition in this Court falsely states that the summons at issue in this matter is defective because "the summons has already been denied. . . at a summons enforcement hearing in Spokane Washington where the

5327644.1

Court found that the summons was for an improper purpose." [DE # 1, at 3.] The Washington Court *enforced* a summons against Schlabach for an IRS investigation into Schlabach's role in an abusive tax scheme under 26 U.S.C. §§ 6700 and 6701, and *held Schlabach in contempt* for failing to comply with that summons. Schlabach's petition to quash should be denied and the United States' counter-petition to enforce should be granted because: (1) the United States has established a *prima facie* case for enforcement under the *Powell* test; and (2) Schlabach cannot meet his heavy burden through false, misleading and unsupported allegations in his petition to quash.

      B.    *IRS Income Tax Investigation and Instant Summons*

Schlabach did not file federal income tax returns for the tax years 2002 and 2003. (Exhibit A, Hudson Declaration ¶ 2.) Consequently, the IRS opened an audit in February 2006 to determine Schlabach's federal income tax liabilities for those years. (Hudson Decl. ¶ 2.) Revenue Agent Hudson is tasked with determining the amount and sources of Schlabach's income and determining Schlabach's tax liability for 2002 and 2003 under Section 6020(b) of the Internal Revenue Code. (Hudson Decl. ¶ 2.)

The IRS's investigation revealed that Schlabach prepared income tax returns for others during the years 2002 and 2003. (Hudson Decl. ¶ 3.) However, the IRS has yet to unearth any income received in exchange for those services. (Hudson Decl. ¶¶ 3-4.) Revenue Agent Hudson searched for Schlabach's bank accounts, but was unable to locate an account which reflected Schlabach's personal income and expenses. (Hudson Decl. ¶ 4.) Revenue Agent Hudson examined Schlabach's accounts with utility companies in the hopes of locating a bank account, but found that Schlabach paid those utilities with money orders or cash. (Hudson Decl. ¶ 4.)

Revenue Agent Kate Lopez, who is conducting a separate tax scheme promoter investigation concerning Schlabach (described below), forwarded Revenue Agent Hudson a check issued in 2007 payable to John Schlabach. (Hudson Decl. ¶ 5.) The check was deposited into an account at Washington Mutual.[1] (Hudson Decl. ¶ 5.) In order to identify the owner of the account and obtain records not in possession of the IRS, Revenue Agent Hudson issued the summons and served it to Chase Manhattan Bank by certified mail on January 21, 2010. (Hudson Decl. ¶ 6.)

The summons to Chase seeks bank records from December 1, 2001 through January 31, 2004 for the investigation of Schlabach's 2002 and 2003 income tax liabilities. (Hudson Decl. ¶ 7.) On its face, the summons states that it seeks bank records held under Schlabach's name and social security number. On the same date the summons was issued to the bank, notice of the issuance of the summons was given to Mr. Schlabach at his last known address by certified mail. (Hudson, Decl. ¶ 8.) The appearance date on the summons was set as February 22, 2010, more than 23 days after the date of service. (Hudson Decl. ¶ 9.) All administrative procedures required by the Internal Revenue Code for issuing and serving summonses have been met. (Hudson Decl. ¶ 12.) Moreover, the information sought by the summons may be relevant to the investigation into Schlabach's federal income tax liabilities. (Hudson Decl. ¶ 11.) Chase has not complied with the summons as a result of the Schlabach's petition to quash, and the IRS does not otherwise possess the summonsed information. (Hudson Decl. ¶¶ 10, 14.) The IRS has not

---

[1] Washington Mutual Bank became JP Morgan Chase Bank in September 2008. Chase Manhattan Bank merged with J.P. Morgan & Co. in 2000 and Chase became the commercial banking division of J.P. Morgan Chase. Thus the summons was issued to Chase Manhattan Bank as the consumer and commercial banking division of JP Morgan Chase.

made a criminal referral to the Department of Justice nor has the Department of Justice requested information concerning Schlabach's personal income tax liabilities. (Hudson Decl. ¶ 13.)

  C. *Summary of Washington Proceedings*

Because Schlabach's petition repeatedly misstates the facts of the summons enforcement proceedings in Spokane, Washington, a recitation of the facts of the Spokane suit is necessary to clarify the record. The United States petitioned the United States District Court for the Eastern District of Washington to enforce an IRS summons on February 14, 2008. *See United States v. John J. Schlabach*, No. CV-08-095-FVS (E.D. Wash.), Petition to Enforce, DE # 1. The petition sought to enforce a summons issued by Revenue Agent Lopez in connection with an investigation under 26 U.S.C. §§ 6700 and 6701 to determine whether Schlabach: (1) promoted a tax scheme; (2) gave any false or fraudulent tax preparation advice; or (3) prepared any false or fraudulent returns. *Schlabach*, Memorandum in Support of Petition to Enforce Internal Revenue Service Summons, DE # 2, at 2. Unlike the third-party summons issued in this matter to a bank, the summons in Washington was directed to John Schlabach and required him to personally appear before Revenue Agent Lopez to provide testimony and records. (Exhibit B, Washington Summons.) The summons was enforced on June 17, 2008. (Exhibit C, *Schlabach*, Order Adopting Magistrate Judge' Report and Recommendations, DE # 31, at 7-8.) Specifically, the Court held that "the IRS must make a *prima facie* showing of 'good faith.' The Petitioner has met this burden and shown that enforcement of the summons is warranted by a 'legitimate purpose.'" (Exhibit C, at 2.) Schlabach filed a motion to reconsider enforcement of the summons, but his motion was denied. *Schlabach*, Order Denying Motion for Relief from Order, DE # 37.

The United States moved to hold Schlabach in contempt for his failure to appear before Revenue Agent Lopez and failure to produce any records for inspection. *Schlabach*, Motion to Hold John J. Schlabach in Contempt, DE # 50. Although Schlabach appeared before Revenue Agent Lopez on June 24, 2009, he refused to answer questions and failed to provide records as ordered. *Schlabach*, Status Report, DE # 61. After a hearing on the motion for contempt, the Magistrate Judge issued a report recommending that the United States' motion for contempt be denied, and the case be closed. *Schlabach*, Order Addressing 1/28/2010 Hearing, DE # 89. The United States objected to the recommendation that the motion for contempt be denied, and a hearing was held before Senior Judge Fred Van Sickle on March 5, 2010.

On March 24, 2010, after the petition date in this Court, the United States District Court for the Eastern District of Washington held Schlabach in contempt of Court for his failure to comply with the enforced summons. (Exhibit D, *Schlabach*, Order Holding John Schlabach in Contempt of Court, DE # 110.) The Court ordered that Schlabach appear before an IRS agent and answer questions that he refused to answer at the January 28, 2010 hearing. Further, Schlabach is to provide the records covered by the summons enforced on June 17, 2010.

## II. ARGUMENT

Schlabach's petition to quash should be denied and the United States' counter-petition to enforce should be granted because: (1) the United States has established a *prima facie* case for enforcement under the *Powell* test; and (2) Schlabach cannot meet his heavy burden through false and misleading statements in his petition to quash.

Section 7601 of the Internal Revenue Code describes the IRS's statutory duty and powers of investigation in very broad terms, providing:

> The Secretary shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax. . . .

26 U.S.C. § 7601(a). To determine the correctness of any return or to decide the liability of any person for any internal revenue tax, the IRS may examine any books, papers, records, or other data; may issue summons as to any person to obtain any books, papers, records, or other data that; and may take such testimony, under oath, *"as may be relevant or material to the inquiry."* 26 U.S.C. § 7602(a) (emphasis added). The United States may seek to compel compliance with a summons in the context of an action brought to quash the summons. 26 U.S.C. §7609(b)(2)(A). Revenue Agent Hudson's declaration establishes a *prima facie* case to enforce the summons without the necessity of discovery or an evidentiary hearing.

    A.    The United States Has Established a *Prima Facie* Case for Enforcement

In *United States v. Powell*, the Supreme Court held that the United States demonstrates a *prima facie* case for enforcement by showing four elements: (1) that the summons was issued for a proper purpose; (2) that the information sought *may be* relevant to that purpose; (3) that the information sought is not already in the possession of the Internal Revenue Service; and (4) that the administrative steps required by the Internal Revenue Code with respect to the issuance and service of a summons have been followed. 379 U.S. 48, 57-58 (1964); *see Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001). The *Powell* requirements impose only a "slight" or "minimal" burden on the IRS. *Mazurek*, 271 F.3d at 230, (citing *Barquero v. United States*, 18 F.3d 1311, 1317 (5th Cir.1994); *and United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir.1981)). The United States generally establishes the *Powell* elements by submitting a

declaration from the agent who issued the summons. *2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997). Once the United States has established a *prima facie* case, the burden shifts to the taxpayer to undermine the IRS's contentions or to prove that enforcement of the summons would be an abuse of the court's process. *Mazurek*, 271 at 230. The taxpayer's burden is a heavy one. *Id.* Revenue Agent Hudson's declaration establishes all four of the *Powell* requirements.

        1.      <u>The IRS Issued the Summons for a Legitimate Purpose</u>

The IRS is investigating Schlabach's income tax liabilities for the tax years 2002 and 2003 as a result of his failure to file tax returns for those years. Section 6020(b) of the Internal Revenue Code permits the IRS to prepare a return from "such information as [the Secretary of the Treasury] can obtain through testimony or otherwise." Revenue Agent Hudson is charged with obtaining information necessary to determine liability for Schlabach under Section 6020(b).

In *Powell*, the Supreme Court noted that the IRS can issue a summons to investigate "merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not." 379 U.S. at 57 (quoting *United States v. Morton Salt Co.,* 338 U.S. 632, 642-43 (1950)). The IRS suspects that Schlabach is already in violation of Internal Revenue Service laws which require annual filing of tax returns to report income. *See* 26 U.S.C. §§ 6011, 6012, and 6072. Given that Schlabach was preparing income tax returns for others during this period, there is a reasonable basis to believe he was earning income from this activity.

Without the benefit of the 2002 and 2003 tax returns, Revenue Agent Hudson must reconstruct how much income was earned and what tax, if any, is owed to the IRS. In attempting to do so, Revenue Agent Hudson was unable to locate any personal bank accounts for Schlabach.

5327644.1

Thus, when he received the check deposited with Chase Manhattan Bank, Revenue Agent Hudson issued the summons to investigate: (1) whether Schlabach had a bank account with the bank; (2) whether any such bank account revealed previously unreported income; or (3) whether Schlabach was depositing money under someone else's name. The possibilities listed above are not an exhaustive list of the information that could have been obtained by the summons, but they are all legitimate purposes of an IRS investigation to determine tax owed when an individual fails to file an income tax return. Thus, Revenue Agent Hudson issued the summons for the legitimate purpose of investigating Schlabach's sources of income for the tax years 2002 and 2003.

2.  The Summoned Information Is Relevant to the Investigation

To establish the second element under *Powell*, the United States must show that the summoned information is potentially relevant to the inquiry, that is, it "might throw light upon" the subject of the IRS investigation. *United States v. Arthur Young & Co.*, 465 U.S. 805, 814-15 (1984). The IRS need not state with certainty how useful, if at all, the summoned material will be. *United States v. Northwest Corp.*, 116 F.3d 1227, 1233 (8th Cir. 1997). The Fifth Circuit has held this to be a "minimal" standard. *United States v. LA Linsteadt*, 724 F.2d 480, 482 (5th Cir. 1984).

The summoned information is aimed at discovering Schlabach's federal income tax liability for the tax years 2002 and 2003. Because Schlabach failed to file returns for those years, the IRS must forensically recreate his income in order to create a substitute returns. Revenue Agent Hudson's receipt of the 2007 check led him to believe that Schlabach may have a bank account revealing previously undisclosed income. The summons, seeking the bank records from

December 1, 2001 to January 31, 2004, may shed light on Schlabach's income tax liabilities for 2002 and 2003. Thus, bank account information from Chase may be relevant to recreating Schlabach's income tax liability for 2002 and 2003.

### 3. The IRS Does Not Possess the Summoned Information

As stated above, the IRS does not possess the summoned information. Schlabach did not file tax returns for 2002 and 2003. Despite attempts to obtain the information otherwise, Revenue Agent Hudson has been able to identify any bank accounts prior to receiving the check that was deposited at Chase Manhattan Bank. The IRS summonsed local banks, but none revealed any personal income or expenses of Schlabach, only that he had signatory authority over certain accounts. The IRS does not have any other information to establish Schlabach's income tax liability for those years. It certainly does not have the records it is seeking from Chase.

### 4. The IRS Followed All Issuance and Service Procedures

Revenue Agent Hudson's declaration establishes that the IRS followed all administrative steps required by the Internal Revenue Code to issue and serve a summons. 26 U.S.C. § 7603(b) provides that an administrative summons for production of records by a third-party recordkeeper (including a bank) may be served by certified mail to the last known address of the recordkeeper. The summons was served by certified mail on Chase Manhattan Bank on January 21, 2010. Section 7609(a) requires that notice of a third party summons shall be given to the taxpayer within 3 days of the service of the summons on the third party, and more than 23 days before the appearance date. The same day the summons was issued to the bank, Revenue Agent Hudson sent notice to Schlabach by certified mail. The appearance date was set as February 22, 2010,

more than 23 days after notice was served on Schlabach. As described above, the IRS followed all notice and service requirements and met the fourth element of *Powell*.

In sum, the Revenue Agent Hudson's declaration shows that the United States has met all of the elements necessary to establish a *prima facie* case for enforcement.

B. Schlabach Cannot Meet His Burden To Show Why the Court Should Not Enforce the Summons

Because the United States has proven its *prima facie* case for enforcement, the burden shifts to Schlabach to show that enforcing the summons is an abuse of the court's process or to undermine the contentions made by the IRS. To carry this burden, Schlabach must show more than mere legal conclusions and must allege specific facts and evidence to support his allegations. *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir. 1979); *Liberty Fin. Services v. United States*, 778 F.2d 1390, 1393 (9th Cir. 1985). Schlabach's allegations, that the IRS previously sought this information in Spokane, that the Court there denied enforcement, and that it held that the IRS had an improper purpose, are entirely untrue. A review of the Eastern District of Washington's docket belies Schlabach's assertions.

Schlabach contends that the "revenue agent issuing the summons has already been denied this information." [DE # 1, at 3.] This allegation is false on two counts. First, as demonstrated above, the IRS is pursuing two different investigations. Revenue Agent Hudson is investigating Schlabach's personal income tax liabilities based on his failure to file income tax returns.[2] Revenue Agent Lopez is investigating Schlabach's role as a tax scheme promoter. Second, the

---

[2] Even if a summons has the "dual purpose" of shedding light on Schlabach's personal income tax liabilities *and* the promoter investigation, that does not make the summons unenforceable. *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 324 (1985).

5327644.1

summons in the Eastern District of Washington was unequivocally enforced and Schlabach was held in contempt for his failure to comply.

Schlabach contends that "at a summons enforcement hearing . . . the Court found that the summons was for an improper purpose." [DE # 1, at 3.] Once again, his assertion fails on two counts. First, the Court in Washington did not hold a summons enforcement hearing. Rather, it held a hearing on the United States' motion to hold Schlabach in contempt for Schlabach's failure to comply with the *enforced* summons. Second, in enforcing the summons, the Court held that the summons was for a proper purpose. Schlabach may be confused because the magistrate judge's recommended that the United States' motion for contempt be denied as the civil summons seemed "inexplicably intertwined with a criminal investigation." However, the district judge rejected this recommendation and found Schlabach in contempt of court.

Schlabach's petition contends that "[t]he Court found that the summons could be and may be being used to gather evidence for a criminal prosecution and therefore is improper." [DE # 1, at 3.] This is demonstrably false. Rather, the Court held:

> [T]he fact the IRS suspects a taxpayer engaged in criminal activity does not necessarily prevent the IRS from issuing an administrative summons in order to investigate its suspicions. To the contrary, the "'IRS may issue a summons for a solely criminal purpose as long as the case has not been referred to the Department of Justice for criminal prosecution or grand jury investigation.'" *United States v. Norwood*, 420 F.3d 888, 894 (8th Cir.2005) (quoting *United States v. Claes*, 747 F.2d 491, 496 (8th Cir.1984)).

(Exhibit D at 8.) There is no criminal referral to the Department of Justice in this matter. Thus, Schlabach cannot meet his burden by baldly asserting that the IRS is conducting an improper criminal investigation.

**III. CONCLUSION**

For the reasons stated above, the Court should enforce the summons and deny the petition to quash. The United States has met its burden of demonstrating a *prima facie* case for enforcement and Schlabach cannot met his heavy burden through his baseless and false petition to quash.

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY

s/ John J. Gaupp
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: john.gaupp@usdoj.gov
*Local Counsel*

s/ Katherine Walsh
KATHERINE WALSH
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, NW
Suite 6230
Washington, D.C. 20001
Telephone: (202) 353-7205
Fax: (202) 514-9868
Email: katherine.walsh@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing *United States of America's Opposition to Petition to Quash, Counter-Petition to Enforce Summons, and memorandum of Law in Support Thereof* and exhibits have been mailed, postage prepaid, via United States Mail, to John Schlabach, Box 362, Mead, Washington 99021.

Baton Rouge, Louisiana, this 31st day of March, 2010.

                s/ John J. Gaupp
                JOHN J. GAUPP
                Assistant United States Attorney