UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN SCHLABACH                                                                          CIVIL ACTION

VERSUS

UNITED STATES, ET AL                                                                 NO. 10-101-C-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, May 27, 2010.

                                                                   _____
                                                                   **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN SCHLABACH                                                    CIVIL ACTION

VERSUS

UNITED STATES, ET AL                                              NO. 10-101-C-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Dismiss (R. Doc. 17) filed by respondent, the United States of America ("United States"). Petitioner, John Schlabach ("Schlabach"), has filed an opposition ( R. Doc. 18) to the United States' motion. The present proceeding relates to an Internal Revenue Service summons ("subject summons"), seeking the bank records of Schlabach for the tax years 2002 and 2003 that was issued by IRS agent, Derik Hudson ("Agent Hudson"), to Chase Manhattan Bank, 451 Florida Street, Baton Rouge, Louisiana 70801, on January 21, 2010, as part of an audit of Schlabach's personal income tax liabilities. Schlabach filed this proceeding on February 8, 2010, seeking to have that summons quashed.

According to the United States' present motion and the declaration of Agent Hudson attached thereto, at a meeting held on May 6, 2010, the IRS decided to discontinue its income tax investigation of Schlabach for the years 2002 and 2003 as well as a separate tax scheme promoter investigation allegedly involving Schlabach. Thus, the documents requested by the summons in question in this proceeding are no longer needed, and the IRS therefore withdrew the subject summons.[1] Since there is no longer a summons to

---

[1] The United States has attached to its present motion a copy of the letter that it sent to Chase Manhattan Bank, providing official notification that the subject summons was being withdrawn. *See*, Exhibit 1 attached to IRS Agent Derik Hudson's declaration, Government

1

quash or enforce in this proceeding, the United States is correct that this matter should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) as moot.[2]

In his opposition, Schlabach does not object to the United States' withdrawal of the subject summons; he, however, contends that he is entitled to the costs that he incurred in connection with this proceeding to quash pursuant to Fed. R. Civ. P. 54.  Rule 54(c) provides that, unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, costs (other than attorney's fees) should be allowed to the "prevailing party;" however, costs against the United States, its officers, and its agencies "may be imposed only to the extent allowed by law."  Fed. R. Civ. P. 54(c).  Schlabach has not cited any specific law that would allow him to recover costs against the United States in connection with this proceeding.  The only possible authority would be 26 U.S.C. §7430, which provides that a "prevailing party" may be awarded costs and fees in an action brought by or against the United States "in connection with the determination, collection, or refund of any tax, interest, or penalty."  To be a "prevailing party," the position of the United States must not have been "substantially justified."  26 U.S.C. §7430(c)(4).  It has

---

Exhibit A.

[2] *See, Thompson v. U.S.*, 2007 WL 773713 (D.Minn. 2007)(Relying on Rule 12(b)(1), the United States sought to dismiss an action to quash forty IRS summonses.  The court noted that federal courts may only adjudicate actual, ongoing cases or controversies.  Thus, federal courts lack the power to decide moot cases, and generally must dismiss an action as moot if there is no definite and concrete controversy for the court to resolve.  Because the IRS had formally withdrawn the summonses at issue in that case, the action was moot and was dismissed with prejudice pursuant to Rule 12(b)(1)); *Dame v. United States*, 643 F.Supp.533, 534 (S.D.N.Y. 1986)(motion to quash denied as moot after summons was withdrawn); *Kearns v. United States*, 580 F.Supp. 8, 10 (S.D.Ohio 1983)(no case or controversy to adjudicate because the government withdrew summons); *Dollar v. United States*, 1985 WL 6009, *1 (W.D.Wash. 1985)(petition was moot because summons was withdrawn); *Tift v. I.R.S.*, 2008 WL 2397537 (W.D.Wash. 2008); *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 9778, 140 L.Ed.2d 43 (1998); *Pac. Fisheries, Inc. v. United States*, 2004 WL 2284390 (W.D.Wash. 2004).

been held that, where the IRS concedes its position by withdrawing a summons, a court is left "without a basis to regard the U.S.'s position as anything short of reasonable or substantially justified, and moreover, without a basis to consider Petitioner the prevailing party." *Tift v. I.R.S.*, 2008 WL 2397537 (W.D.Wash. 2008), quoting *Pac. Fisheries, Inc. v. United States*, 2004 WL 2284390 (W.D.Wash. 2004). The undersigned reaches the same conclusion today, and Schlabach's request for costs should therefore be denied.[3]

## RECOMMENDATION

For the above reasons, the Motion to Dismiss (R. Doc. 17) filed by respondent, the United States of America, should be **GRANTED**, and this matter should be **DISMISSED WITH PREJUDICE**. The request for costs made by petitioner, John Schlabach, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, May 27, 2010 .

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] *See also, Thompson v. U.S.*, 2007 WL 2778663 (S.D.Ohio 2007)(finding that, because there had been no court action in a proceeding to quash IRS summonses as a result of the IRS's voluntary withdrawal of the summonses, there could be no award of costs and expenses to the petitioner. The petitioner was not a "prevailing party" because he had not been awarded any form of relief by the court); *Gudenau v. U.S.*, 2006 WL 2639472 (D. Hawaii 2006)(Even though the petitioners' filings in that case may have prompted the IRS to withdraw summonses, the petitioners had not prevailed with respect to the most significant issue or set of issues raised in the case, and the court therefore found that the petitioners were not the "prevailing party" and were not entitled to costs); *Donlon I Development Corporation v. United States*, 830 F.Supp. 1315 (C.D.Cal. 1993)(A taxpayer was denied fees and costs for its petition to quash a summons withdrawn by the IRS on the ground that the U.S. typically does not establish a "position" capable of being measured for substantial justification until it answers a petition to quash and that, if it concedes its case in its answer or by withdrawing its summons, its position is deemed reasonable).